UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REATHIE MACK,

                Plaintiff,

       v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 08/17/21

20-CV-2722 (RA)

ORDER ADOPTING REPORT
AND RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

      Plaintiff Reathie Mack brings this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), against the Commissioner of the Social Security Administration (the "Commissioner"), seeking review of the Commissioner's decision to deny her November 2012 application for Disability Insurance Benefits ("DIB") under the Social Security Act. *See* Dkt. 1. Both of the parties have filed motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 18, 21. Plaintiff argues that the Administrative Law Judge ("ALJ") failed to apply the correct legal standard to the evidence and her decision was not supported by substantial evidence. Dkt. 19. The Commissioner responds that the ALJ Decision was supported by substantial evidence and should be affirmed. Dkt. 22. Currently before the Court is Magistrate Judge Cave's detailed and well-reasoned Report and Recommendation, dated July 26, 2021. Dkt. 24 (the "Report"). The Report finds that the ALJ committed reversible error by both "fail[ing] to properly weigh the opinion evidence of Ms. Mack's treating physicians," and "not considering the side effects of Ms. Mack's medications." *Id.* at 23. The Report recommends denying the Commissioner's motion, granting Plaintiff's motion in part, denying her motion in part, and remanding to the ALJ for further proceedings. *Id.* at 43.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* Report at 44 (advising the parties of 14 day deadline to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) with three additional days where service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F)). To date, no party has filed an objection, and the time to object has expired. "When the parties make no objections to the Report, the Court may adopt the Report if 'there is no clear error on the face of the record.'" *Smith v. Corizon Health Servs.*, No. 14-CV-8839 (GBD) (SN), 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015) (*quoting Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)). "Furthermore, if as here . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009) (citations omitted); *see also* Report at 44.

As no objections to Judge Cave's Report were filed, the Court reviews the Report for clear error. After careful consideration of the record, the Court finds no clear error and thus adopts the Report in its entirety. Accordingly, Plaintiff's motion is granted, in part, to the extent she seeks reversal of the ALJ Decision; and denied, in part, to the extent she solely seeks remand for a calculation of benefits. The Commissioner's motion is denied, and the case shall be remanded to the ALJ for further proceedings in accordance with the Report.

The Clerk of Court is respectfully directed to terminate the motions pending at Dkt. 18, 21.

SO ORDERED.

Dated:   August 17, 2021
         New York, New York

_____
RONNIE ABRAMS
United States District Judge