```
                                                              USDC-SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC#:
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 04/11/2023
```

REATHIE MACK,

                        Plaintiff,                    20-cv-2722 (RA) (SLC)

              v.                                              MEMORANDUM
                                                              OPINION & ORDER
KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

RONNIE ABRAMS, United States District Judge:

       Magistrate Judge Cave previously issued a Report and Recommendation recommending that this Court grant Plaintiff Reathie Mack's motion for judgment on the pleadings in part, deny the Commissioner's cross-motion for judgment on the pleadings in its entirety, and remand this action to the ALJ for further proceedings. *See* Dkt. 24. There were no objections to the Report and Recommendation, and, finding no clear error, this Court adopted it in full. *See* Dkt. 25.

       Now before the Court is Plaintiff's motion seeking attorneys' fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d). Plaintiff requested fees and costs in the amount of $12,771.00 for 60.6 hours of work performed by her attorney, Daniel Berger. *See* Mot. at 1.[1] The government opposes the motion only on the basis of what it argues is an unreasonably high and "excessive" number of hours for a "routine" case, "exceed[ing] the benchmark of 20 to 40 hours of attorney time." Opp. at 3. Plaintiff contends that the 60.6 hours expended is reasonable in light of the complexity of the case, and, in particular, given the length—2,733 pages in all—of the administrative record. *See* Reply at 2.

---

[1] The total amount requested was later raised to $13,296.00 given an additional 2.5 hours expended by counsel to review and respond to the government's opposition to the motion for fees. *See* Reply at 6.

The EAJA provides for the award of "reasonable" attorneys' fees and expenses. 28 U.S.C. § 2412(d)(2)(A). The "most useful starting point" for determining whether a fee is reasonable is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). An application to recover fees pursuant to the EAJA may properly include time spent preparing and defending the fee motion. *See Comm'r v. Jean*, 496 U.S. 154, 162, 166 (1990).

The government does not here contest that Plaintiff's counsel's rate is reasonable, but only that the 60.6 hours expended were excessive given the routine nature of the action. While courts in this circuit have found that twenty (20) to forty (40) hours represents a reasonable expenditure of time in typical social security cases, as Judge Oetken recently observed, courts have also "not hesitated to award attorney's fees well in excess of the routine twenty to forty hours where the facts of the specific case warrant such an award." *Price v. Comm'r of Soc. Sec.*, 2022 WL 1567463, at *1 (S.D.N.Y. May 18, 2022) (cleaned up). Specifically, courts have regularly awarded attorneys' fees for greater than forty hours of work where there was a voluminous administrative record, as is the case here. *See George Ortiz v. Comm'r of Soc. Sec.*, 2022 WL 2713571, at *1 (S.D.N.Y. July 13, 2022) (collecting cases); *Daily v. Comm'r of Soc. Sec.*, 2020 WL 1322528, at *3 (S.D.N.Y. Mar. 19, 2020) (describing a 900-page administrative record as "unusually voluminous" and awarding EAJA fees in the amount of $14,001.50); *Borus v. Astrue*, 2012 WL 4479006, at *3 (S.D.N.Y. 28, 2012) (finding 54 hours a reasonable amount of time to expend where an administrative record of "nearly 700 pages" was found to be "extremely voluminous"); *see also Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 220–21 (W.D.N.Y. 2006) (finding approximately 90 hours expended on a case to be reasonable where the administrative record was more than 1,100 pages); *Kiely v. Astrue*, 2012 WL 3727164, at *2–4 (D. Conn. March 30, 2012)

(finding $16,681.72 in attorneys' fees and costs reasonable in a case involving an "extremely lengthy" administrative record of 1,191 pages). In *Ortiz v. Comm'r of Soc. Sec.*, for instance, Judge Nathan awarded $14,424 in fees for 66.5 hours expended in a case with a 2,146-page administrative record. *See* 2022 WL 2713571, at *1. So too, in a nearly identical situation, this Court recently found that 59.7 hours expended in a social security action involving a 2,100-page administrative record was reasonable, and awarded $12,405.90 in attorneys' fees and costs. *See Servedio v. Comm'r of Soc. Sec.*, 2022 WL 3084335, at *1 (S.D.N.Y. Aug. 3, 2022).

The same logic applies with equal force here, and the lengthy nature of the administrative record in this social security action—amounting to 2,733 pages in all—militates in favor of a finding the 60.6 hours of work by Plaintiff's counsel, Mr. Berger, to be reasonable under the EAJA. The Court further finds reasonable the additional 2.5 hours spent by counsel reviewing the government's opposition to the present motion, and filing the brief in reply. *See Jean*, 496 U.S. at 166 (finding an EAJA fees application may properly include time spent defending the fee motion).

Accordingly, the Court grants Plaintiff's motion for attorneys' fees and costs in the amount of $13,296.00.

SO ORDERED.

Dated:   April 12, 2023
         New York, New York

Hon. Ronnie Abrams
United States District Judge